Holland & Knight LLP
Stacie P. Nelson – SBN 185164
Vivian M. Rivera – SBN 311621
50 California Street, 28th Floor
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: Stacie.nelson@hklaw.com
Vivian.rivera@hklaw.com

The Law Office of Ciarán O'Sullivan
Ciarán O'Sullivan – SBN 198970
50 California Street, 34th Floor
San Francisco, CA 94111
Telephone: (415) 391-3711
Facsimile: (415) 513-0449
ciaran@cosullivanlaw.com

Attorneys for Roger Stern, as
Conservator of the Estate of
Joan Elizabeth Stern

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER STERN, as Conservator of the Estate of Joan Elizabeth Stern<br><br>Plaintiff,<br><br>vs.<br><br>Geoffrey Stern, and Does 1-25<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR BREACH OF CONTRACT; ELDER ABUSE; PROMISSORY ESTOPPEL; RETURN OF ESTATE PROPERTY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Roger Stern ("Roger" or "Plaintiff"), as Conservator of the Estate of his mother Joan ("Joan") Elizabeth Stern (the "Estate"), brings this Complaint against Defendant Geoffrey Stern ("Geoffrey" or "Defendant") for Breach of Contract, Promissory Estoppel, Breach of Fiduciary Duty, and Financial Elder Abuse, as follows:

- 1 -
**COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this Complaint by virtue of diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is a resident of California, and specifically of this district. Defendant is a resident of the State of Florida. The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the Northern District of California, and a substantial part of the events or omissions giving rise to the causes of action set forth in this Complaint arose in Santa Clara County, California.

3. A present and actual controversy exists between the parties to this action.

## INTRADISTRICT ASSIGNMENT

4. A substantial part of the events or omissions which give rise to the claims in this Complaint occurred in the County of Santa Clara, California.

## THE PARTIES

5. At all times relevant to this action, Roger is an individual residing in the State of California, and is a citizen of that State. Roger is a retired attorney, having spent 24 years as a lawyer and retiring as a senior partner of Wilson, Sonsini, Goodrich & Rosati, LLP. He lives in Palo Alto, California. Roger is the duly-appointed Conservator of the Estate of Joan Stern, a victim of financial elder abuse, and he therefore has standing to bring these claims on her behalf. Attached hereto as Exhibit A collectively are true and correct copies of an Order dated December 1, 2020, granting his Petition for Appointment as Conservator and his Letters of Conservatorship.

6. At all times relevant to this action, Geoffrey is an individual residing in the State of Florida, and is a citizen of that State. He is a hedge fund manager. For the past twenty years he has been the president of Muirfield Capital, a fund of hedge funds based in New York. For twenty years prior to that he was employed by, and promoted to be a

managing director of Donaldson, Lufkin and Jenrette, a Wall Street investment banking firm.

7. Roger is informed and believes, and on that basis alleges, that each of the Defendants, at all relevant times herein, was the agent and/or employee of each of the other Defendants, and in committing the acts herein alleged, was acting within the scope of his or their authority as such agents and employees, and with the permission, consent and/or ratification of his or their co-Defendants. On that basis, Roger further alleges that each of the Defendants was responsible for, participated in, or contributed to the conduct Roger alleges herein.

## GENERAL ALLEGATIONS

8. Roger and Geoffrey are brothers, and are the only two children of Joan Stern ("Joan"). Joan is 90 years old. Their father Henry Stern, died on October 30, 1994. Joan did not remarry. Joan is a resident of Palo Alto, California. Roger also resides in Palo Alto. Geoffrey resides in Florida.

9. After their father's death on October 30, 1994, Joan had little means of financial support. Roger and Geoffrey agreed to financially support Joan for the remainder of her life. Roger, as an attorney, was financially comfortable and was in a position to support his mother. Geoffrey was a managing director of a Manhattan investment banking firm at the time of his father's death and then became a hedge fund manager. Based on Geoffrey's representations to Roger and Roger's own observations, Geoffrey was wealthy, lived an opulent lifestyle, and could easily afford to support his mother. The precise amounts they each agreed to contribute to Joan's support varied over time based on modifications mutually agreed by the brothers, and increased over the years. The amounts they each agreed to contribute from the beginning of 2011 through the first four months of 2021 were as follows:

| Year | Amount |
|---|---|
| 2011 | $11,000.00 |

**COMPLAINT FOR DAMAGES**

| | |
|---|---|
| 2012 | $25,000.00 |
| 2013 | $25,000.00 |
| 2014 | $25,000.00 |
| 2015 | $25,000.00 |
| 2016 | $25,000.00 |
| 2017 | $25,000.00 |
| 2018 | $25,000.00 |
| 2019 | $28,500.00 |
| 2020 | $30,500.00 |
| 2021 | $12,000.00 |

10. At all times since entering into this Agreement with Geoffrey, Roger in fact performed under the Agreement. Roger is informed and believes and thereon alleges that Geoffrey did not so perform, and did not make the required payments to Joan.

11. Roger relied on Geoffrey's promise to Roger that he would make the payments for Joan's benefit, and based on Geoffrey's promise he himself made the required payments. In fact, each year than 2020 and 2021 Roger confirmed with Geoffrey that Geoffrey had in fact made the requisite payments, and each year Geoffrey claimed to have done so.

12. Joan's cognitive ability has been in significant decline for some years, and from at least as far back as 2010. On September 5, 2019, Joan was diagnosed with mild dementia by a Stanford Health Care neurologist. Due to her age, Joan's prognosis is that the dementia is likely irreversible and will likely worsen. As a result of her diagnosis, Joan's driver's license was revoked by the California Department of Motor Vehicles.

13. In the fall of 2019, Roger, the son who is geographically close to Joan and who provides the vast majority of the hands-on care for her, started to notice her increased anxiety over her finances. For instance, Joan refused to ask her apartment manager to repair toilets or other essential items because she was afraid of retribution

1  and further rent increases.  After Roger explained to Joan that she had sufficient funds
2  to pay her rent and other expenses from the money provided by Roger and Geoffrey
3  under the Agreement and her Social Security benefits, Joan informed Roger that
4  Geoffrey had not been making payments to her as required under the Agreement.  This
5  was the first time Roger learned that Geoffrey was in breach of the Agreement.

6        14.    Roger is informed and believes and on that basis alleges that Geoffrey
7  manipulated, bullied, and lied to Joan about the nature of his finances and obligations.
8  Other than one payment of approximately $3,000 from Geoffrey to Joan, and a recent
9  payment from Geoffrey's hedge fund of approximately $500, there is no evidence of
10 payments from Geoffrey to Joan in the 11 years since 2010.

11       15.    Since he learned about Geoffrey's non-payment of the promised sums for
12 Joan, Roger has questioned Geoffrey about his failure to make them.  Geoffrey has
13 consistently misled Roger, stating that he had made the payments, and promised to
14 more strictly adhere to the payment schedule in the future.  However, Geoffrey has
15 continually and repeatedly failed to make the requisite payments even after promising to
16 make the requisite payments for Joan's benefit.  For his part Roger, in addition to
17 attending to his mother's needs and ensuring they are met, and providing her with
18 companionship, comfort and support, has also borne additional expenses for Joan from
19 his own pocket.

20       16.    As a result of Geoffrey's breaches of the contract and/or contracts he
21 entered into with Roger for the benefit of Joan, Joan suffered damages in an amount to
22 be determined at trial.  She has also been forced to endure anxiety and emotional
23 distress about her ability to meet her expenses during her life, with the concomitant fear
24 that she would be left homeless and penniless.

25       17.    Since July 10, 1995 Joan has been an elder with the meaning of the Elder
26 Abuse and Dependent Adult Civil Protection Act, California Welfare and Institutions
27 Code sections 15610.10 et seq. (the "Elder Abuse Act"), and was and is entitled to its
28 protections.  Furthermore, since at least 2010 Joan has had diminished mental capacity,

**COMPLAINT FOR DAMAGES**

was of unsound mind, lacked decision-making capacity, and was vulnerable to the undue influence and bullying that Geoffrey subjected her to.

18.   When Geoffrey withheld the promised payments to Joan he knew or should have known that his doing so caused harm to Joan. Additionally, he consistently lied to Roger about the fact that he had made the required payments.

19.   Geoffrey's actions in withholding payments to Joan, especially at times when she was cognitively impaired, which included all of the time since 2010, and vulnerable to bullying and threats by Geoffrey, in addition to constituting a breach of contract made with Geoffrey for the benefit of Joan, constituted financial abuse of an elder within the meaning of the Elder Abuse Act.

20.   Throughout the years when Geoffrey was wrongfully withholding payments to Joan she had lost the capacity to understand that he was not doing so. She had also, during all of that time, lost decision-making capacity, within the meaning of California Probate Code section 812. Furthermore, Geoffrey's misleading and fraudulent misrepresentations to Roger that he was in fact making the required payments to Joan prevented Roger from discovering Geoffrey's breach of contract and financial elder abuse.

21.   Geoffrey also wrongfully accepted from Joan, in 2020, a check in the amount of $4,308.55 drawn on Joan's Vanguard account (the "Vanguard Check"). He did so despite having knowledge that in 2019 Joan had been diagnosed with dementia by a Stanford University Health neurologist.

22.   Prior to July 2020, Roger had assisted, monitored and cleaned up Joan's finances and financial transactions as she frequently made errors, forgot about transactions made and the reasons she had done so. Because of Joan's inability to care for her finances, Roger finally, in approximately July of 2020, petitioned the Superior Court of California, County of Santa Clara, for appointment as Conservator of Joan's Estate. On or about December 1, 2020, the Superior Court granted Roger's petition,

giving Roger, as Joan's Conservator, standing to protect Joan's interests and to bring this action on her behalf.

23.     On or about April 7, 2021, Roger made a formal written demand to Geoffrey that he return to him, as Conservator of the Estate, all of the monies that Geoffrey had wrongfully taken and/or withheld from Joan since 2011.  Attached hereto as Exhibit B is a true and correct copy of said demand letter.  Specifically he demanded the return of the monies that he had committed to paying for Joan's benefit from 2011 onwards, and which Roger had himself actually paid to Joan, and gave Geoffrey a reasonable amount of time within which to repay it.  As of the date of the Demand Letter this sum amounted to $232,000.00 (erroneously calculated in the demand letter to amount to $172,172), plus a reasonable amount of interest for the lost use of those funds during the time that Geoffrey had wrongfully taken and/or withheld the money.

24.     Roger also demanded the immediate return of the sum $4,308.55 represented by the Vanguard Check from Geoffrey.  In total, Geoffrey has wrongfully taken and/or withheld the sum of $236,308.55 that rightfully belonged to Joan (the "Amount Due").  Attached hereto as Exhibit B is a true and correct copy of said Demand Letter.

25.     As of the date of the filing of this Complaint Geoffrey has failed to return Amount Due, and has not agreed to pay the monies in the future.  His only response was to deny the claim.

**COMPLAINT FOR DAMAGES**

### FIRST CAUSE OF ACTION

### (Breach of Contract – Against All Defendants)

26.     Roger realleges and incorporates by this reference paragraphs 1 through 25 above as if set forth herein in full.

27.     Roger entered into a contract with Geoffrey whereby, in consideration for their mutual promises, both Roger and Geoffrey agreed to pay sums certain to Joan. The intent of the parties to this contract was to benefit Joan. In consideration for Geoffrey's promise Roger performed his part of the bargain by making all of the payments required under the agreement with Roger.

28.     Geoffrey breached his contract with Roger for the benefit of Joan in the manner alleged hereinabove, specifically, by: (a) failing to make any of the payments to Joan required under the agreement; (b) falsely representing to Roger that he had in fact made those payments; and (c) taking advantage of Joan's age and diminished capacity in breaching the contract, knowing that she was incapable of asserting her rights as a third party beneficiary of the contract, including as described above.

29.     Defendants' breach of contract caused Joan to suffer damages in an amount to be proven at trial, but not less than $236,308.55, conservatively estimated, based on Geoffrey's non-payment , plus pre-judgment interest.

### SECOND CAUSE OF ACTION

### (Promissory Estoppel – Against All Defendants)

30.     Roger realleges and incorporates by this reference paragraphs 1 through 29 above as if set forth herein in full.

31.     Throughout the more than 25 years since their father's death Geoffrey made clear and unambiguous promises to Roger that if he (Roger) would make the certain payments to Joan for her support, then he Geoffrey would do the same and make the same payments.

32. In reliance on Geoffrey's promises Roger made the required payments to Joan. He did so to his own detriment, in that in doing so he expended hundreds of thousands of dollars that he would otherwise not have to expend, and made his own financial circumstances that much worse by so doing.

33. Geoffrey knew, when he promised Roger that he would make the payments to Joan, that Roger would rely on that promise and therefore also make payments to Joan. It was reasonable for Roger to do so. Geoffrey is a hedge-fund manager, who held himself out to have considerable wealth, and who had more than sufficient means with which to make the payments to Joan. Roger had no basis to suspect that Geoffrey would not fulfill his promise.

34. Geoffrey's failure to fulfill his promise has caused harm to both Joan and Roger, in that Joan did not receive hundreds of thousands of dollars that she should have received, and Roger continued to make payments to Joan based on his reliance on Geoffrey's promise.

35. Enforcement of Geoffrey's promise is necessary to prevent a grave injustice to Joan and Roger, as otherwise there may be no other adequate remedy at law. Given that Geoffrey misled Roger for many years about the fact that he was not in fact making the payments to Joan, and in light of California's strong public policy on protecting elders from financial abuse, enforcement of Geoffrey's promise is necessary to avoid injustice.

36. Defendants' breach of his promise caused Joan to suffer damages in an amount to be proven at trial, but not less than $236,308.55, conservatively estimated, based on Geoffrey's non-payment since 2011, plus pre-judgment interest.

### THIRD CAUSE OF ACTION

**(Financial Elder Abuse: Welfare and Institutions Code Section 15657.5 – Against All Defendants)**

37. Roger realleges and incorporates by this reference paragraphs 1 through 36 above as if set forth herein in full.

**COMPLAINT FOR DAMAGES**

38. In failing to make the payments to Joan that he had promised Roger that he would make, alleged above, Geoffrey retained and took Joan's property, namely money. She had a right to that money as the third-party beneficiary of the agreement between Roger and Geoffrey.

39. When Geoffrey engaged in that taking of Joan's property he knew it would be harmful to Joan, and that she needed the money. He also knew at all of the times that he was taking this property that Joan's capacity was diminished, and that she did not understand that she could take action to enforce her rights to the property.

40. Geoffrey also knew that Joan was vulnerable to being unduly influenced by him, and that he could easily bully her. And in fact he did unduly influence her and bully her such that she was fearful of asserting her right to the property, and of admitting to her other son Roger that Geoffrey had never made the required payments to her for many years.

41. Geoffrey took Joan's property by means of fraud, in that he falsely claimed to Roger that he had been making the payments that Joan was entitled to.

42. Geoffrey caused harm to Joan by depriving her of property that she needed for her increasingly expensive care needs, in that her diminished cognitive capacity required greater assistance from others and more expensive elderly care living arrangements. His actions also caused her hardship in that they caused Joan increased anxiety and stress regarding her finances, all of which contributed to emotional distress.

43. Geoffrey's financial elder abuse caused Joan to suffer damages in an amount to be proven at trial, but not less than $236,308.55, conservatively estimated, based on Geoffrey's non-payment since 2011, plus pre-judgment interest. Joan is also entitled to all of the damages, fees and costs provided for under Welfare and Institutions Code section 15757.5, including but not limited to attorneys' fees and costs, including the costs according to proof of establishing a conservatorship; compensatory damages for Joan's emotional distress, and punitive damages.

**COMPLAINT FOR DAMAGES**

## FOURTH CAUSE OF ACTION

**(Financial Elder Abuse: Welfare and Institutions Code Section 15657.6 – Against All Defendants)**

44. Roger realleges and incorporates by this reference paragraphs 1 through 43 above as if set forth herein in full.

45. While Geoffrey engaged in the acts alleged above Joan lacked capacity, within the meaning of Probate Code section 812, and/or was of unsound mind but not entirely without understanding, within the meaning of Civil Code section 39, but her incapacity had not yet been judicially determined.

46. On April 7, 2021, after he had obtained Letters of Conservatorship of the Estate, Roger demanded in writing that Geoffrey return the property wrongfully taken from Joan during her incapacity or period of unsound mind. Roger gave Geoffrey a reasonable time within which to return the Amount Due.

47. Geoffrey failed and refused to return the Amount Due. Geoffrey denied that he owes the Amount Due.

48. Because of Geoffrey's failure and refusal to return the Amount Due after reasonable request by Roger, Joan is entitled to the remedies provided by Section 15657.5, including attorney's fees and costs, as set forth in paragraph 43 above, which is incorporated herein by reference.

## FIFTH CAUSE OF ACTION

**(RETURN OF ESTATE PROPERTY – Against All Defendants)**

49. Roger realleges and incorporates by this reference paragraphs 1 through 48 above as if set forth herein in full.

50. Under Probate Code section 850 Roger, as Conservator, may petition for the return of any property "[w]here the … conservatee has a claim to real or personal property title to or possession of which is held by another."

**COMPLAINT FOR DAMAGES**

51. Geoffrey, to the extent he has wrongfully taken property to which Joan is entitled, possesses property to which Joan has a claim. Consequently, Roger may bring this claim on her behalf.

52. Probate Code section 855 allows any other civil claims to be joined with a claim under this part.

53. Geoffrey has taken Joan's property in bad faith, and through the use of undue influence in bad faith, and through the commission of financial elder abuse within the meaning of Welfare and Institutions Code section 15610.30. Consequently, Roger as Joan's Conservator is entitled to recover the property taken by Geoffrey, in an amount to be proven at trial, but not less than $236,308.55, conservatively estimated, based on Geoffrey's non-payment since 2011, plus pre-judgment interest.. He is also entitled to an additional amount that is double the property taken, and attorneys' fees and costs.

## PRAYER

WHEREFORE, Roger, as Conservator for Joan, prays as follows:

1. For damages in an amount according to proof, but not less than $236,308.55;
2. For double damages pursuant to Probate Code section 859;
3. For attorneys' fees and costs, including the costs of establishing a conservatorship for Joan;
4. For prejudgment interest;
5. For punitive damages in an amount sufficient to punish and make an example of Defendants;

///

///

///

**COMPLAINT FOR DAMAGES**


6. For such other and further relief as this Court deems just, proper and equitable.

DATED: April 28, 2021

THE LAW OFFICE OF CIARÁN O'SULLIVAN

*Ciarán O'Sullivan*

By:_____
Attorney for Roger Stern, as Conservator of the Estate of Joan Stern

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all issues triable to a jury.

DATED:  April 28, 2021

THE LAW OFFICE OF CIARÁN O'SULLIVAN

*/s/ Ciarán O'Sullivan*

By:_____
Attorney for Roger Stern, as Conservator of the Estate of Joan Stern

- 14 -
**COMPLAINT FOR DAMAGES**